**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JANIE MARIE CAVAZOS, AS NEXT FRIEND OF MAGDALENA ROBLES-AGUIRRE, Plaintiff | § § § § § | |
| v. | § § | Civil Action No. 1:22-cv-162 |
| FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2017-HB1, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE, Defendant | § § § § § § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendant Finance of America Structured Securities Acquisition Trust 2017-HB1, Wilmington Savings Fund Society, FSB, not individually, but solely as Trustee's "Motion for Summary Judgment" (hereinafter, Defendant's "Motion"). Dkt. No. 13.  For the reasons provided below, it is recommended that the Court: 1) **GRANT** Defendant's Motion; 2) **DISMISS WITH PREJUDICE** Plaintiff's claims; and 3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.     Jurisdiction

The Court has federal diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.    Background and Procedural History

Magdalena Robles-Aguirre executed a Reverse Mortgage in the amount of $22,167.32 on March 26, 2012.  Dkt. Nos. 13 at 2; 13-3 at 3.  The Reverse Mortgage was secured by Ms. Robles-Aguirre's home residence at 485 S. Travis Street, San Benito, Texas 78586.  *Id*.  Ms. Robles-Aguirre's failure to comply with the requirements of the Reverse Mortgage caused her home residence to be foreclosed on July 3, 2018.  Dkt. Nos. 13 at 3; 13-3 at 3.

On January 8, 2019, Plaintiff filed a lawsuit (hereinafter, Plaintiff's "First Lawsuit") in the 445th Judicial District of Cameron County, Texas.  Dkt. Nos. 13 at 3; 13-1.  The Honorable Gloria M. Rincones, Judge Presiding of the 445th Judicial District Court, disposed of Plaintiff's First Lawsuit by issuing a final summary judgment in favor of the Defendant and denying Plaintiff's claims.  Dkt. No. 13-2 at 2-3.  Plaintiff's subsequent appeal was dismissed for failure to prosecute.  Dkt. No. 13 at 4.

Plaintiff initiated this instant action by filing her Original Petition (hereinafter, Plaintiff's "Petition") in the 445th Judicial District of Cameron County, Texas on October 19, 2022.  Dkt. No. 1-4.  On November 30, 2022, Defendant filed a Notice of Removal.  Dkt. No. 1.  Defendant's Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *Id.* at 6.  Plaintiff has not disputed this Court's jurisdiction.

On March 6, 2023, Defendant filed its instant Motion for Summary Judgment.  Dkt. No. 13.  In its Motion, Defendant argues that Plaintiff's claims have already been decided and are barred by a prior court judgment under the doctrine of res judicata.  *Id.*

Pursuant to Local Rule 7.3, Plaintiff had until March 27, 2023, to file a response to Defendant's Motion. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). Plaintiff has not filed a response to Defendant's Motion, despite being provided with an opportunity to do so. This matter is now ripe for consideration.

Local Rule 7.4 provides that a failure to respond to a motion "will be taken as a representation of no opposition." S.D. Tex. Local Rule 7.4. Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. B-07-205, 2010 U.S. Dist. LEXIS 23058, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). To obtain summary judgment when the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. *Atain Specialty Ins. Co.*, 226 F. Supp. 3d at 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985)).

### III.   Legal Standard

#### A. Res Judicata

Res judicata allows for the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* (internal quotations marks omitted). In this manner, res judicata prevents litigation on grounds or defenses to recovery that were previously available to the parties regardless of whether they were raised in the prior proceeding. *Id.* "Res judicata thus encourages

reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id.*

The Fifth Circuit has explained that, "[r]es judicata, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions." *Hall v. Hodgkins*, 305 Fed. Appx. 224, 228 (5th Cir. 2008) (citing *Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). "If these four conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *JPMorgan Chase Bank v. Shatteen*, No. 4:12-CV-579, 2015 U.S. Dist. LEXIS 2258, 2015 WL 136629, at *3 (E.D. Tex. Jan. 7, 2015) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here, the Court finds that all four res judicata elements are satisfied. First, Plaintiff and Defendant were parties in the previously dismissed suit. Second, the judgment in the prior action was rendered by a court of competent jurisdiction – the 445th Judicial District of Cameron County, Texas. Third, the prior action was concluded when the 445th Judicial District Court granted a motion for summary judgment in Defendant's favor and denied Plaintiff's claims. Finally, the instant suit and the prior action involve "the same nucleus of operative facts" as well as identical legal claims. *Singh*, 428 F.3d at 571 (quoting *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

## IV.   Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **GRANT** Defendant's Motion; 2) **DISMISS WITH PREJUDICE** Plaintiff's claims; and 3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **17th** day of **April, 2023**, at Brownsville, Texas.

Ignacio Torteya, III
United States Magistrate Judge